IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02735-BNB

CHRISTOPHER L. HARRIS,

    Applicant,

v.

JULIE WANDS, Warden,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 22 2010

GREGORY C. LANGHAM
CLERK

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant, Christopher L. Harris, is in the custody of the United States Bureau of Prisons and currently is incarcerated at Federal Correctional Institution in Florence, Colorado. Mr. Harris, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. As relief, he seeks a return of his personal property and a discharge from his criminal conviction.

The Court must construe the Application liberally because Mr. Harris is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Harris will be ordered to file an Amended Application.

The Court has reviewed the Application and finds that it is deficient. Mr. Harris fails to assert claims that comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief.

*See* Fed. R. Civ. P. 81(a)(4); ***Browder v. Director, Dep't of Corrections***, 434 U.S. 257, 269 (1978); ***Ewing v. Rodgers***, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. Mr. Harris's Application is prolix and confusing. It is not clear from a review of Section "B. Nature of the Case" and Section "C. Claims" of the Application form what Mr. Harris is challenging. Although Mr. Harris has failed to comply with Fed. R. Civ. P. 8, he will be given an opportunity to file an Amended Application. Accordingly, it is

ORDERED that Mr. Harris file, **within thirty days from the date of this Order**, an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Harris, together with a copy of this Order, two copies of the Court-approved form for filing an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Mr. Harris fails within the time allowed to file an Amended Application, as directed, the action will be dismissed without further notice. It is

FURTHER ORDERED that the Motion for Expedited Ex Parte Hearing (Doc. No. 2), the Motion to Determine Warden/Warehouseman's "Assumed" In Rem and In Personam Jurisdiction with a Request for Admission (Doc. No. 6), and the Emergency Ex Parte Motion to Stay Execution of Sentence (Doc No. 7) are DENIED as both unintelligible and inappropriate.

DATED at Denver, Colorado, this 22nd day of November, 2010.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02735-BNB

Christopher L. Harris
Reg No. 05927-028
FCI Florence
P.O. Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on 11/22/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk