IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLO

DEC 1 0 2010

Civil Action No. 10-cv-02735-BNB

GREGORY C. LANGHAM
CLERK

CHRISTOPHER L. HARRIS,

Applicant,

v.

JULIE WANDS, Warden,

Respondent.

ORDER OF DISMISSAL

Applicant, Christopher L. Harris, acting *pro se* initiated this action by filing an
Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  Mr. Harris also
paid the $5.00 filing fee on November 19, 2010.  Magistrate Judge Boyd N. Boland
reviewed the Application and entered an order on November 22, 2010, instructing Mr.
Harris to file an Amended Application that was in keeping with Fed. R. Civ. P. 8.  Mr.
Harris filed an Amended Application on December 6, 2010

The Court must construe all pleadings liberally because Mr. Harris is not
represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall
v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot act as
an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated
below, the Court will dismiss the action.

In both the original Application and the Amended Application, Mr. Harris states that he was convicted in the United States District Court for the Southern District of Indiana.  Mr. Harris also contends in the Amended Application that once he was convicted a statutory obligation under the Uniform Commercial Code (UCC) was created in favor of the United States.  Although Mr. Harris's claims are disjointed and generally unintelligible, he appears to argue in both applications that his criminal judgment constitutes a "warehouse receipt" and a "negotiable instrument" which were indorsed and delivered as payment under the UCC when he was placed at the BOP. Mr Harris concludes that as a result of the indorsement and payment his current warden no longer has a right to retain him.

Mr. Harris's attempt to effect his release through the operation of civil commercial statutes is legally frivolous.  Mr. Harris is entitled to no relief on his claims as a matter of law.

This Court further notes that this is not Mr. Harris's first attempt to use commercial law theories based on the UCC to attempt to gain release from prison in a § 2241 action.  *See Harris v. Anderson*, No. 10-cv-03227-RED (W.D. Mo. Nov. 2, 2010) (unpublished); *Harris v. Anderson*, No. 10-cv-03225-DW (W.D. Mo. Oct. 29, 2010) (unpublished).

A court has the inherent authority to dismiss an action as frivolous and malicious regardless of an applicant's filing fee status.  *See Mallard v. United States District Court for Souther Dist. of Iowa*, 490 U.S. 296, 307-08 (1989) (noting that there is little doubt that courts have inherent authority to dismiss a frivolous action even in the

2

absence of the federal *in forma pauperis* statute).  This Court will not tolerate frivolous

behavior such as that demonstrated by Mr. Harris in this action.  Mr. Harris is instructed

that any future frivolous filings may result in the Court imposing filing restrictions.  *See*

***Andrews v. Heaton***, 483 F.3d 1070, 1077 (10th Cir. 2007) ("Federal courts have the

inherent power to regulate the activities of abusive litigants by imposing carefully

tailored restrictions in appropriate circumstances.").  Accordingly, it is

ORDERED that the Application and the Amended Application are denied and the

action is dismissed with prejudice because Mr. Harris's claims are legally frivolous.

DATED at Denver, Colorado, this __9th__ day of ____December_____,

2010.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02735-BNB

Christopher L. Harris
Reg No. 05927-028
FCI Florence
P.O. Box 6000
Florence, CO 81226


I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on December 10, 2010.


GREGORY C. LANGHAM, CLERK


By:_____
                    Deputy Clerk